BYRNES, Judge.
Joseph Jackson, Jr., appeals his conviction and sentence for attempted possession of cocaine. We affirm.
New Orleans Police Officers William Prats, Alan Recasner, and Heyward Hewitt testified that on September 6, 1990 they were patrolling in an unmarked car and in plain clothes. They saw Jackson standing on the median of Galvez Street flagging down cars in a manner commonly used by drug dealers and indicating he was attempting to sell narcotics. When Jackson turned toward the officers, he walked off hurriedly. The officers approached him from two directions as he walked down the side of an abandoned house. Officers Re-casner and Hewitt saw Jackson stoop down toward the back of the house, and Officer Recasner saw him take something from his pocket and put it under the house. After calling for Officer Prats to take Jackson into custody, Officer Recasner searched under the house and found two bags of crack cocaine.
Jackson’s mother and a friend testified that the mother was driving her car down the street when Jackson spotted her and tried to flag her down. Jackson also testified he had tried to flag down his mother, and had then turned to cut through the abandoned block to reach her destination. *609 While he was walking, he was stopped by the police, who searched under a house and announced that the cocaine they had found would be deemed to belong to him.
Jackson was charged by bill of information dated October 3, 1990 with possession of cocaine, a violation of LSA-R.S. 40:967. On November 14, 1990, he was tried by a six-member jury and was found guilty of attempted possession of cocaine. On February 14, 1991, he was sentenced to two years at hard labor, suspended, and five years active probation with special conditions.
In his sole assignment of error, Jackson contends that there was no valid bill of information because the district attorney entered a nolle prosequi prior to the swearing of the first witness and no new bill of information had been filed. The record indicates that the district attorney requested a recess after the jury had been picked because one of the state’s witnesses had not yet arrived for trial. The trial court denied the request. The district attorney stated:
Ms. Kettenring:
Your Honor, the State would apologize to the Court in light of the fact that one of the officers is not available until noon. The State would request a recess until then, and in light of the fact that our request has been denied; (sic) we are forced at this time to enter a Nolle Pro-sequi in the matter, reserving our right to reinstated.
The district attorney explained that she would be willing to go forward with the two witnesses who were present and would then need a recess, but she was under the impression that a recess would not be granted at that time. When defense counsel objected on the basis that the jury had already been picked, the district attorney noted that the jury had not been sworn in and stated that “the State is requesting a recess and that’s all ... [a]nd if that is going to be denied, we’d enter a nolle prosequi at this time.” The trial judge then indicated that the trial would begin immediately, but he would allow the officer a reasonable amount of time to arrive, presumably while the other witnesses testified. The judge stated:
The officer’s going to have a reasonable amount of time to get here. I’m going to start the trial. He’s going to have a reasonable time to get here. Your officer’s got problems when he gets here. I’m going explain that to you right now. It’s 12:00 o’clock. He says he’s going to be here at 12:00 o’clock. Everybody else is supposed to be here for 9:00 o’clock— the other witnesses are here for 9:00 o’clock; the jury’s here for 9:00. They’re ready to get started, and you’re holding up the entire process. In my opinion, that is not fair.
The jurors were then sworn in and the trial took place.
La.C.Cr.P. art. 691 provides:
The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court.
The record clearly indicates that the district attorney was simply threatening to nolle prosequi if the request for a recess was not granted, and that the district attorney chose not to go forward with the threat when the court implied that the witness would be allowed sufficient time to arrive. The bill of information has a line crossed through it, and the words “nolle prosequi” are written on the bill but are scratched through. In light of these facts, and the fact that the nolle prosequi is not signed by the district attorney, it cannot constitute a “written statement of dismissal” as contemplated by La.C.Cr.P. art. 691. Further, there is no minute entry indicating a dismissal. Thus the bill was not nullified.
For the foregoing reasons, Jackson’s conviction and sentence are affirmed.
AFFIRMED.
JONES, J., dissents with reasons.